IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00304-GPG

PETERSON I. BATAILLE,

    Plaintiff,

v.

CONCENTRA MEDICAL,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Peterson I. Bataille, resides in Aurora, Colorado. He initiated this action by filing a Complaint (ECF No. 1) in which he purports to assert claims against the Defendant, his employer, for violating his medical restrictions following a work-related injury, and for retaliation.

The Court construes the Complaint filed by Mr. Bataille liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

On February 17, 2015, Magistrate Judge Gallagher reviewed the Complaint and determined that it failed to allege an adequate basis to invoke this Court's subject matter jurisdiction. Magistrate Judge Gallagher thus ordered the Plaintiff to show cause, in writing, within 30 days, why this action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4). Plaintiff responded to the order to show cause on February 27, 2015. (ECF No. 5). Magistrate Judge Gallagher issued a

second show cause order on March 3, 2015, allowing Plaintiff one final opportunity to demonstrate the diversity of the parties.  (ECF No. 6).  Mr. Bataille responded to the second order on March 10, 2015.  (ECF No. 7).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

In the Complaint, Mr. Bataille does not allege conduct by a state actor occurring under color of law, nor does he assert any claims arising under the Constitution, federal laws, or treaties of the United States.  Instead, Plaintiff complains of private conduct by a private entity that implicates state law. Mr. Bataille, therefore, cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331.

Instead, he must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain an action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Mr. Bataille fails to allege adequately a basis for exercising diversity jurisdiction over his state law claims. Although he alleges the requisite amount in controversy (*see* ECF No. 1-1), Plaintiff alleges that both he and the Defendant are residents of Colorado. The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction.

In his responses to the show cause orders, Mr. Bataille does not allege any additional facts to invoke the Court's federal question jurisdiction or diversity jurisdiction. Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff may seek relief in the state courts. It is

FURTHER ORDERED leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).  If Mr. Bataille files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2) is DENIED as moot.

DATED March 17, 2015, at Denver, Colorado.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court